Tony R. SHIMMIN, Petitioner,

v.

**DEPARTMENT OF JUSTICE,**
**Respondent.**

**No. 04–3048.**

United States Court of Appeals,
Federal Circuit.

DECIDED: April 8, 2004.

David B. Stinson, Principal Attorney, David M. Cohen, Harold D. Lester, Jr., of Counsel, Washington, DC, for Respondents.

Tony R. Shimmin, of Counsel, Long Beach, CA, for Petitioner.

Before MAYER, Chief Judge, RADER, and PROST, Circuit Judges.

RADER, Circuit Judge.

Petitioner Tony R. Shimmin seeks review of the final decision of the Merit Systems Protection Board (Board) denying his petition for enforcement of a settlement agreement between the petitioner and the Immigration and Naturalization Service (INS). *Shimmin v. Dep't of Justice,* No. SF–0752–93–0377–C–3, 94 M.S.P.R. 485 (M.S.P.B. Sept.2, 2003). Because the Board did not err in its decision, this court *affirms.*

## BACKGROUND

In 1993, the INS removed Mr. Shimmin from his position as an Immigration Inspector for cause. Mr. Shimmin appealed his removal, but subsequently he and the INS reached an agreement resulting in settlement of the dispute. In exchange

for Mr. Shimmin's resignation from the INS, the INS in turn would remove all adverse records from Mr. Shimmin's personnel file and would provide only neutral employment references in stating his employment dates and that his last performance appraisal was fully satisfactory. Mr. Shimmin's initial petition for enforcement asserted that the INS breached the settlement agreement when two of his former INS co-workers provided statements regarding his prior employment to an Office of Personnel Management (OPM) investigator conducting a suitability determination. The Board in its initial decision denied Mr. Shimmin's petition for enforcement finding that the settlement agreement did not extend to his former co-workers nor did it cover OPM suitability determinations. On appeal, the Board in its final decision determined that Mr. Shimmin had neither presented new evidence nor had the administrative judge made a legal error. Accordingly, the Board denied his petition for review. Mr. Shimmin now appeals the Board's denial of his petition for review to this court.

## DISCUSSION

A settlement agreement is a contract, the interpretation of which this court reviews without deference. *Fomby–Denson v. Dep't of Army*, 247 F.3d 1366, 1371 (Fed.Cir.2001); *Godwin v. Dep't of Defense*, 228 F.3d 1332, 1334 (Fed.Cir.2000).

Here, the settlement agreement provision at issue provides:

> To allow [petitioner] to resign from his position as an Immigration Inspector, GS–18–16, Grade 7, Los Angeles District Office, Los Angeles, California. All adverse action information will be removed from his official personnel records and destroyed, as well as the information in relating (sic) agency files. Any future calls or correspondence regarding [peti-

tioner's] employment will result in a neutral statement of dates of employment, position title and grade, and that his last performance appraisal was fully satisfactory. No adverse recommendation for future employment will be provided.

As the administrative judge correctly observed, there was no confidentiality provision nor was there specific language prohibiting former co-workers from discussing Mr. Shimmin's previous INS employment in their personal capacity. This court notes that the two former co-workers who talked with the OPM investigator were acting within their personal capacity, not on behalf of the agency. Because the terms of this settlement agreement do not extend to former co-workers acting within their personal capacity, any discussions between the two former co-workers and the OPM investigator were not a breach of the settlement agreement. Accordingly, this court affirms.